UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILLIP HARRIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:17cv440 (VAB) |
| CAPTAIN DOUGHERTY, ET AL.,<br>    Defendants. | :<br>:<br>: |

## **INITIAL REVIEW ORDER**

Phillip Harris is incarcerated at the Cheshire Correctional Institution. He has filed a Complaint under 42 U.S.C. § 1983 against Drs. Johnny Wu, Wright, Ruiz and John Does I and II, Nurses Nancy Hill and Jane Does I and II and Health Services Administrator Sharone Brown. For the reasons set forth below, the Complaint is dismissed in part.

Under 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts have an obligation to "construe a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

Mr. Harris was incarcerated at Northern Correctional Institution in February 2014. On February 9, 2014, he was unable to urinate. He alleges that he attempted to seek medical assistance, but officers ignored his requests to be seen in the medical department. Later that day, a lieutenant escorted him to the medical department. Nurse Nancy Hill allegedly examined Mr. Harris and accused him of deliberately causing his symptoms. She allegedly believed that the cause of his inability to urinate was the insertion of something into his penis. Mr. Hill alleges that he repeatedly informed Nurse Hill that he had not inserted anything into his penis.

Mr. Harris further alleges that Nurse Hill and Nurse Jane Doe I attempted to insert a catheter into his penis to enable him to urinate, but they were unsuccessful. Mr. Harris experienced severe pain and humiliation during the attempts to insert the catheter. A decision was made to transport Mr. Harris to University of Connecticut Health Center ("UCONN") for treatment. Mr. Harris alleges that the transport van had not been cleaned and contained residue from a prior use of mace. This residue caused Mr. Harris to cough and burned his eyes and throat.

At UCONN, an urologist allegedly inserted a catheter into Mr. Harris's penis and prescribed pain medication. Mr. Harris alleges that he asked the officers who had transported him to UCONN for a change of clothes because his clothes had been soiled by urine. The

officers informed Mr. Harris that the hospital had no clothes to provide to him.

On February 10, 2014, the urologist released Mr. Harris to be returned to Northern. Officers placed Mr. Harris in the in-patient medical unit at Northern upon his return from UCONN.

Mr. Harris alleges that he quickly developed an infection in his bladder and urethra. On February 11, 2014, medical personnel at Northern transferred Mr. Harris to UCONN for treatment of the infection. A medical staff member at UCONN allegedly prescribed an antibiotic to treat the infection and released Mr. Harris back to Northern. Upon his return to Northern, officers placed Mr. Harris in the in-patient medical unit. Some days later, when Mr. Harris was still using the catheter, medical personnel released Mr. Harris to general population. Mr. Harris claims that the conditions in general population were unsanitary, which could have caused further infections to his urethra or bladder.

At some point, Mr. Harris alleges, a medical staff member removed his catheter. Because Mr. Harris had not regained normal function of his urethra, a medical staff member informed him that an urologist would examine and treat him. Prison officers subsequently transported Mr. Harris to Yale-New Haven Hospital to see Urologist Toby Chai. Dr. Chai informed Mr. Harris that there was a blockage in his urethra. Dr. Chai stated that there were several ways to reduce the blockage, but that he recommended complete removal due to Mr. Harris's age.

Mr. Harris claims that Defendants would not schedule the surgery until he had been sentenced. On February 7, 2014, Mr. Harris pleaded guilty to one count of conspiracy to commit robbery in the first degree. On May 28, 2014, in the Connecticut Superior Court for the Judicial

District of Milford, a judge sentenced Mr. Harris to eighteen years of imprisonment, execution suspended after eighteen months and followed by five years of probation.[1]

On May 30, 2014, Dr. Chai performed a surgery to remove the blockage in Mr. Harris's urethra. Mr. Harris claims that immediately after the surgery he noticed that his penis looked like it had been reduced in size. In addition, he experienced other complications including "leakage, burning during urination," and lack of "good urine flow." Compl., ECF No. 1 at 10, ¶¶ 44-45. Dr. Chai informed Mr. Harris that these complications would resolve in time.

Mr. Harris states that, at some point, prison officials transferred him from MacDougall-Walker Correctional Institution ("MacDougall-Walker") to Garner Correctional Institution ("Garner"). At Garner, Mr. Harris allegesthat Drs. John Doe I and John Doe II failed to thoroughly examine or treat him for infections and urination issues. Neither doctor referred Mr. Harris to a specialist, he alleges, even though his medical issues were beyond their area of expertise. In 2015, Drs. John Doe I and John Doe II arranged to have Mr. Harris transferred to Cheshire Correctional Institution in retaliation for his filing of grievances against them.

During his confinement at Cheshire, Mr. Harris alleges, Dr. Ruiz and Health Administrator Brown denied his requests for medical treatment despite his complaints of lack of urine flow, a burning sensation when urinating, and urine leakage. The Utilization Review Committee allegedly denied Mr. Harris's request for a consultation with an urologist. Dr. Ruiz and Health Administrator Brown allegedly failed to make further efforts to obtain the necessary approval for Mr. Harris to be examined by an urologist. Mr. Harris alleges that his injuries have "effected [his] ... mental state," and that as a result of his continuing medical symptoms, he is

---

[1] Information regarding Mr. Harris's criminal conviction and sentence may be found at: http://www.jud.ct.gov/jud2.htm under Criminal/Motor Vehicle Case Look-up and Searching by Case Number using

4

unable to sleep or "appreciate [a] full life." Compl. ECF No. 1 at 11, ¶ 56.

## I.  Official Capacity Claims

Mr. Harris seeks monetary damages and injunctive relief. To the extent that he seeks monetary damages from Defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary damages against Defendants in their official capacities are dismissed under 28 U.S.C. § 1915A(b)(2).

## II.  Nurses Hill, Jane Doe I, Jane Doe II and Dr. Wright

Mr. Harris alleges that Nancy Hill and Jane Does I and II are nurses who worked at Northern when he was there, and Dr. Wright is a physician who worked at Northern during the same period. Mr. Harris claims that Nurses Hill and Jane Doe I failed to provide appropriate or adequate medical care for his condition on February 9, 2014. He received treatment at UCONN from February 9, to February 11, 2014 for the blockage in his urethra, but returned to Northern after receiving treatment. At some point, Dr. Chai examined and evaluated him and recommended that he undergo surgery to remove the blockage. Dr. Chai performed the surgery on May 30, 2014, two days after a judge had sentenced Mr. Harris to over twelve years of imprisonment for pleading guilty to a criminal offense. It is unclear whether prison officers returned Mr. Harris to Northern or to MacDougall-Walker after the surgery.

The Second Circuit has held that the general personal injury statute of limitations set

---

AAN-CR11-0077494-T and also may be found at: www.ctinmateinfo.state.ct.us, using Mack's inmate number, 292700.

forth in Connecticut General Statutes § 52-577 should be applied to section 1983 claims arising in Connecticut. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Section 52-577 sets a three-year limitations period running from "the date of the act or omission complained of." Conn. Gen. Stat. § 52-577.

Although the federal courts looks to state law to determine the applicable statute of limitations for claims arising under sections 1983, they look to federal law to determine when a federal claim accrues. *See Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) ("In a federal question case[,] when a federal court determines the limitations period by applying an analogous state statute of limitations, the court nevertheless looks to federal common law to determine the time at which the plaintiff's federal claim accrues.") (citations omitted). A federal cause of action accrues "when the plaintiff knows or has a reason to know of the harm or injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (internal quotation marks and citation omitted).

The statute of limitations ordinarily is an affirmative defense. A district court may, however, "dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitation defense are set forth in the papers [the] plaintiff himself submitted.'" *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 600 n.11 (2d Cir. 1980)).

Mr. Harris signed his Complaint on February 28, 2017. Mr. Harris's application to proceed *in forma pauperis* was not completed and signed by prison officials until March 7, 2017. Thus, the earliest the Complaint could have been submitted to prison officials for mailing to the Court is March 7, 2017. Mr. Harris's allegations regarding Nurses Hill and Jane Doe I at Northern occurred on February 9, 2014, more than three years before he filed this action on

6

March 7, 2017. Mr. Harris makes no specific allegations about Nurses Hill and Jane Doe I after February 9, 2014. There are, therefore, no facts to suggest a continuing violation theory against them. Accordingly, Mr. Harris's claims against Defendants Hill and Jane Doe I are dismissed as barred by the statute of limitations. *See* 28 U.S.C. § 1915A(b)(1).

Furthermore, there are no allegations about Dr. Wright and Nurse Jane Doe II in the body of the Complaint. Mr. Harris alleges that Dr. Wright and Nurse Jane Doe II were stationed at Northern during the times mentioned in his Complaint. Mr. Harris includes Dr. Wright in his description of counts one through six, which allege "inadequate medical care," "denial of medical treatment," "denial of medicatioin," "interference of doctor order/treatment," "retaliation" and delay in medical care." Compl. at pp. 12-13. He includes Nurse Jane Doe II in his description of counts one through four and six. *Id.* He alleges no facts to support the conclusory claims that these Defendants violated his Eighth or First Amendment rights.

"It is well settled in this Circuit that 'personal involvement of [the] defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)); *see also McClendon v. Murphy*, No. 3:14-CV-1460 VLB, 2015 WL 3886320, at *6 (D. Conn. June 23, 2015) (dismissing retaliation claims against certain defendants because "the plaintiff does not include any specific claims of retaliation" against those defendants); *Flemming v. Goord*, No. 9:06–CV–26 (TJM/DRH), 2007 WL 2726276, at *2, 2007 U.S. Dist. LEXIS 99964, at *5 (N.D.N.Y. Sept.13, 2007) (dismissing amended complaint with leave to file a proper second amended complaint when amended complaint, like the plaintiff's original complaint, "failed to set forth specific allegations as to the alleged wrongdoing of each defendant"). The claims against Defendants Jane Doe II and Wright are dismissed as lacking an

7

arguable factual or legal basis under 28 U.S.C. § 1915A(b)(1).

### III. Drs. Ruiz, John Doe I and John Doe II and Health Administrator Brown

Mr. Harris claims that, after his transfer to Garner, Drs. John Doe I and John Doe II refused to provide him with treatment regarding his urinary issues, failed to refer him to a specialist, and transferred him in retaliation for greivances. These allegations state a plausible Eighth Amendment deliberate indifference claim and a plausible First Amendment retaliation claim against Defendants John Doe I and John Doe II.

Mr. Harris alleges that from 2015 to February 28, 2017, the date he signed the complaint, Dr. Ruiz and Health Services Administrator Brown have denied him medical care for his various urination issues and refused to refer him to or facilitate the scheduling of an appointment with an urologist. These allegations state a plausible Eighth Amendment deliberate indifference claim against Defendants Ruiz and Brown.

**ORDERS**

The Court enters the following orders:

(1)  All claims for monetary damages against Defendants in their official capacities are **DISMISSED** under 28 U.S.C. § 1915A(b)(2). The claims against Nurses Hill and Jane Doe I are **DISMISSED** as barred by the statute of limitations under 28 U.S.C. § 1915A(b)(1) and the claims against Dr. Wright and Nurse Jane Doe II are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) because they lack an arguable legal and factual basis. Mr. Harris's Eighth Amendment deliberate indifference claim and the First Amendment retaliation claim will proceed against Drs. John Doe I and John Doe II in their individual capacities and his Eighth Amendment deliberate indifference claim will proceed against Dr. Ruiz and Health Services Administrator Brown in their individual capacities.

8

Mr. Harris seeks injunctive relief from Dr. Wu, the Director of Correctional Managed Health Care, in the form of a referral to an urologist for treatment of his urinary issues. That claim for relief will proceed against Dr. Wu in his official capacity only. *See Marsh v. Kirschner*, 31 F.Supp.2d 79, 80 (D.Conn.1998) ("injunctive relief against a state official may be recovered only in an official capacity suit," because "[a] victory in a personal-capacity action is a victory against the individual defendant rather than against the entity that employs him.") (quoting *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.1999) and *Kentucky v. Graham*, 473 U.S. 159, 1670–68 (1985)).

(2) Within thirty days of the date of this order, Mr. Harris may file an amended complaint concerning his treatment by Dr. Wright and Nurse Jane Doe II. In this complaint, he must assert specific facts to demonstrate that either or both individuals violated his rights during his confinement at Northern. The amended complaint should include the dates on which he requested treatment and/or made Dr. Wright and Nurse Jane Doe II aware of his request for treatment, how each Defendant violated his constitutional rights by responding to or failing to respond to his requests for treatment, and whether he returned to Northern after his surgery on May 30, 2014. Mr. Harris should refer to each Defendant by his or her first and last name or last name, if the first name is unknown.

The Court informs Mr. Harris that an amended complaint completely replaces the original complaint. *See In re Crysen/Montenay Energy Co.,* 226 F.3d 160, 162 (2d Cir.2000) ("It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation omitted). If Mr. Harris chooses to file an amended complaint and seeks to proceed as to the Eighth and First Amendment claims against Dr. Ruiz, Health Services Administrator Brown, Dr. John Doe I, and Dr. John Doe 2, he must include these Defendants and

9

the allegations against them in the amended complaint.  Furthermore, if there are facts to suggest that Nurses Hill and Jane Doe I improperly treated him or failed to respond to his requests for treatment at Northern during the limitations period—that is, after March 7, 2014—he may include either or both individuals as Defendants and state his claims against them in the amended complaint.  The claims must include the specific dates on which he requested treatment and/or made Nurses Hill and Jane Doe I aware of his request for treatment and how each Defendant violated his constitutional rights by responding to or failing to respond to his requests.

(3)     If Mr. Harris chooses not to file an amended complaint within the time specified, the case will proceed only as to his claims against Dr. Ruiz, Health Services Administrator Brown, Dr. John Doe I, and Dr. John Doe 2 in their individual capacities and against Director Wu in his official capacity.  At that time, the Court will enter orders regarding service of the Complaint.

SO ORDERED at Bridgeport, Connecticut this 9th day of May 2017.

/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE