UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILLIP HARRIS, | : |
|     Petitioner, | : |
| v. | :    Case No. 3:17-cv-440(VAB) |
| DR. JOHNNY WU, et. al., | : |
|     Defendants. | : |

**RULING ON PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER**

Phillip Harris is currently confined by the Connecticut Department of Correction at the Cheshire Correctional Institution. He has filed a Complaint under 42 U.S.C. § 1983 against Drs. Johnny Wu, Wright, Ruiz, John Doe I and John Doe II, Nurses Nancy Hill, Jane Doe I and Jane Doe II, and Health Services Administrator Sharone Brown. On May 9, 2017, the Court entered an Initial Review Order dismissing Mr. Harris's claims for monetary damages against Defendants in their official capacities, as well as the claims against Nurses Hill, Jane Does I and II, and Dr. Wright. *See* Initial Rev. Order, ECF No.9.

On April 18, Mr. Harris filed a motion for a temporary restraining order and a preliminary injunction. *See* Motion, ECF No. 8. He seeks an order requiring Defendants to refer him to a urologist for treatment and to attend to his pain and infection. *See id.* at 1-2. In a memorandum supporting his request, he reiterates the symptoms described in his Complaint, and alleges that since his surgery in 2014, he has "never been fully examined" despite reporting multiple urinary tract infections and receiving a diagnosis of blockage in his urethra. *See id.* at 2-3*; see also* Compl. ¶¶ 41-43. He alleges that he will face irreparable harm to his urethra,

1

bladder, and kidney, as well as prolonged pain, if a preliminary injunction is not granted. *See* Motion, 11. On May 9, 2017, the Court ordered Respondent to show cause why Petitioner's requests should not be granted. Order to Show Cause, ECF No. 10. Respondent complied with this order and submitted a response on May 22, 2017. Response, ECF No. 12.

A district court is not required to conduct an evidentiary hearing on a motion for a preliminary injunction when "essential facts are not in dispute." *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997). Furthermore, a court may decide to issue a preliminary injunction without a hearing if the defendant does not request one or if no material facts are in dispute. *See* 13-65 Moore's Federal Practice - Civil § 65.21 (2016); *Drywall Tapers & Pointers, Local 1974 v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 954 F.2d 69, 77 (2d Cir. 1992 ) ("When parties are content in the district court to rest on affidavits, the right to an evidentiary hearing is waived."); *Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968) ("There is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it"). Upon review of the record, the Court determines that oral testimony and argument are not necessary in this case.

**I. Motion for Preliminary Injunction**

Preliminary injunctive relief "is an extraordinary and drastic remedy […] that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). To show entitlement to a preliminary injunction, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) either (1) a "likelihood of success on the merits or (2) sufficiently serious questions going

to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks and citation omitted). To demonstrate irreparable harm, plaintiff must show an "injury that is neither remote nor speculative, but actual and imminent." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citations and internal quotation marks omitted); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983) (injunctive relief cannot be provided if claimed injury is speculative or remote).

Mr. Harris asks the Court to issue an injunction requiring Respondent to refer him to a urologist for treatment. Motion, ECF No. 8, 1-2. Respondent argues that it has been "providing [Mr. Harris] with medication and medical treatment," and that his motion amounts to an "unsubstantiated disagreement" with his course of care. Response, 7. Respondents submit a clinical record for Mr. Harris, which includes notes from "Correctional Managed Health Care" containing entries made between October 10, 2013 and May 16, 2017, occasionally signed by doctors ("MDs") or registered nurses ("RNs"). *Id.* at Ex. 1, p. 2. The entry dated May 16, 2017 states that the "urinalysis was … negative for infection" and that the reviewer "will generate a request for urology reevaluation." *Id.*

Respondents also include five administrative remedy forms submitted by Mr. Harris in 2017. In all of these requests, Mr. Harris sought request treatment by a doctor or urologist and described the burning sensation in his urethra. In several responses, the reviewing nurse, Jane Ventrella, RN, notes that prison officials gave Mr. Harris "antibiotics." *See. e.g. id.* at 55 (dated February 23, 2017), *id.* at 50 (dated Mar. 21, 2017); *see also* Motion ¶¶ 73, 76 (describing taking Cipro and "finishing an antibiotic treatment [but] not being examined"). The most recent request

3

is dated April 30 and was received on May 4, 2017. Ms. Ventrella signed the response. *Id.* at 48-49. She stated that "information is forthcoming about [Mr. Harris's] urine cultures." *Id*. at 49. Respondents also include a "Utilization Review Request," dated May 16, 2017, that describes Mr. Harris's request for a urology examination and proposes a "three week priority" for the review. *Id.* at 40.

In a reply to Respondents' submissions, Mr. Harris argues that the medication that Respondents have used to treat him is "ineffective" and that Respondents' were "incompetent" when conducting urinalyses, often losing specimens and generally "hamper[ing] the plaintiff's ability to receive direct and immediate care." Reply, ECF No. 14, 5. He adds that when he was examined by Dr. Ruiz in March and May 2017, Dr. Ruiz prescribed "ineffective" drugs and "dismiss[ed] any form of physical examination." *Id*. He finally alleges that Dr. Ruiz only filed a Utilization Review Request "after having been contacted by the Assistant Attorney General's Office," rather than "out of pure, genuine professionalism or based on a medical standard of care." *Id*. at 7.

To prevail on an Eighth Amendment claim in the medical treatment context, a prisoner plaintiff must prove two elements: (1) a deprivation that is "sufficiently serious," i.e., a deprivation that presents a "condition of urgency, one that may produce death, degeneration, or extreme pain," and (2) reckless indifference, that is, "defendants were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, 513 U.S. 1154 (1995). The failure to comply with prescribed treatment can constitute deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (deliberate indifference to medical needs can be evidenced by prison officials "intentionally

denying or delaying access to medical care or intentionally interfering with … treatment once prescribed"). However, "mere disagreement over the proper treatment" does not create a violation and "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

For the purposes of this inquiry, the Court assumes that the failure to refer Mr. Harris to a urologist would be a "sufficiently serious" deprivation of his rights. However, in addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, Mr. Harris must also show that he is likely to succeed on the second component of his deliberate indifference claim. He must present evidence that, subjectively, the charged prison officials acted with "a sufficiently culpable state of mind." *Hathaway*, 37 F.3d at 66.

Courts in the Second Circuit have found prison officials deliberately indifferent when their behavior was "a substantial departure from accepted professional judgment and that the evidence of risk was sufficiently obvious to infer the defendants' actual knowledge of a substantial risk to plaintiff." *Stevens v. Goord*, 535 F. Supp. 2d 373, 385 (S.D.N.Y. 2008) (citation omitted). The necessary state of mind has been likened to one of criminal recklessness, *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir.1998), and the plaintiff must show that prison officials "knew of and disregarded [his] serious medical needs." *Harrison*, 219 F.3d at 137. *See e.g. Hemmings*, 134 F.3d at 106-07 (2d Cir. 1998) (error to dismiss deliberate indifference claim when the plaintiff alleged that he "was ignored—and no further diagnostic measures were pursued—when he told prison medical staff that he was sure he had a ruptured Achilles tendon and tissue damage," and when "maliciously [took] away one of [his]crutches … allegedly resulting in additional pain and swelling."); *Rodriguez v. Ames*, 224 F. Supp. 2d 555, 563

5

(W.D.N.Y. 2002) (no deliberate indifference because nurse was "responsive to plaintiff's injury"); *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F.Supp.2d 303, 312 (S.D.N.Y.2001) ("[D]isagreements over medications, diagnostic techniques … or the need for specialists … are not adequate grounds for a Section 1983 claim.").

Here, Mr. Harris cannot show that Respondents recklessly disregarded his serious medical needs. As an initial matter, Mr. Harris's most recent request for a referral is pending before the Utilization Review Committee, making preliminary relief premature. *See* Response, Ex. 1, p. 40. Furthermore, the record indicates that Respondents have addressed Mr. Harris's concerns by prescribing antibiotics and conducting urinalyses. Defendants have not "ignored" Mr. Harris's complaints, even if they have failed to give him the treatment that he desires or that would be ideal. At this stage, the Court cannot conclude that Mr. Harris is likely to succeed on the merits of his deliberate indifference claim. For this reason, Mr. Anderson's request for preliminary injunctive relief is DENIED.

## II. Request for a Temporary Restraining Order

In the Second Circuit, "[t]he same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order." *Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264 (N.D.N.Y. 2015); *Local 1814 Int'l Longshoreman's Ass'n v. New York Shipping Assoc., Inc*., 965 F.2d 1224, 1228 (2d Cir. 1992) (standard for TRO is the same as preliminary injunction standard). Irreparable harm is the "most significant condition which must be present to support the granting of a temporary injunction." *Capital City Gas Co. v. Phillips Petroleum Co*., 373 F.2d 128, 131 (2d Cir. 1967) (citation omitted). As with a request for preliminary injunctive relief, irreparable harm must be shown by

the moving party "not remote or speculative but actual and imminent." *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (internal citations omitted).

Mr. Harris requests a temporary restraining order directing Respondents to refer him to a urologist for treatment and to attend to his pain and infection. Motion, 1-2. As with a motion for preliminary injunction, the Court may only grant a plaintiff's motion for a temporary restraining order if he demonstrates a "likelihood of success on the merits." *Jackson Dairy*, 596 F.2d at 72. Because Mr. Harris has not made this demonstration, his motion for a temporary restraining order must be DENIED.

SO ORDERED at Bridgeport, Connecticut this 9th day of June 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE